**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

September 17, 2007

Re:   **Gurchensky v. United States, No. 06-5760**

Dear Parties:

On November 30, 2006, Plaintiff James Gurchensky, a fifty-seven year old Causasian male, filed a complaint against Defendants John E. Potter, Postmaster General of the United States Postal Service, and the United States Postal Service (the "Postal Service") (collectively the "Defendants"), alleging that Defendants discriminated against him, in violation of state and federal law, by selecting a less qualified, younger, Hispanic candidate for the position of Field Maintenance Manager, which Plaintiff applied for.  Currently before the Court are the following applications:

(1)   Plaintiff's motion for default judgment against Mr. Potter and the Postal Service filed on June 4, 2007;

(2)   Defendants' motion to dismiss the complaint for improper service filed on July 13, 2007;

(3)   Plaintiff's cross-motion to extend time to serve process filed on September 10, 2007; and

(4)   Defendants' application for an extension of time in which to file a reply to Plaintiff's opposition to Defendant's motion to dismiss and to file an opposition to Plaintiff's cross-motion to extend time to serve process, filed on September 13, 2007.

The Court herein considers the pending applications and resolves Plaintiff's motion for default judgment and Defendants' application for an extension of time to file their briefs.

First, Plaintiff's motion for a default judgment is denied.  It appears that this "motion" was intended to be a request that the Clerk enter default against Defendants for failure to answer pursuant to Fed. R. Civ. P. 55(a) as opposed to a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  In any event, Plaintiff, who is represented by counsel, admitted, in his cross-motion to extend time to serve process, that he failed to properly serve Defendants in accordance

with Fed. R. Civ. P. 4.  Plaintiff stated that he "admittedly, followed the procedure for serving process for the State of New Jersey Superior Court and did not copy the Attorney General or have the Summons signed and sealed by the Clerk of the District Court [as required by Rule 4]." Thus, Plaintiff is not entitled to a Clerk's entry of default or default judgment against Defendants. This motion is denied.

  Second, the Court grants Defendants' application for an extension of time in which to file a reply to Plaintiff's opposition to Defendant's motion to dismiss and to file an opposition to Plaintiff's cross-motion to extend time to serve process.  Plaintiff did not object to this extension. Accordingly, Defendants' brief in reply to Plaintiff's opposition to Defendants' motion to dismiss is due on October 15, 2007.  Defendants' opposition to Plaintiff's cross-motion to extend time to serve process is also due on October 15, 2007.  Should Plaintiff wish to file a reply to Defendants' opposition to the cross-motion to extend time to serve process, such is due on October 22, 2007.

  The Court will not grant any further extensions of this briefing schedule or the applicable return dates in this case.  Since Plaintiff has admitted that his method of service did not comply with Fed. R. Civ. P. 4, and more than 120 days has elapsed since the filing of Plaintiff's complaint, the issue in this matter is whether, pursuant to Rule 4(m), the Court should dismiss this action or order that service be made within a specified period of time.  The Court sees no reason to further delay this determination.

  An appropriate order accompanies this letter opinion.


                  s/ Jose L. Linares
                  United States District Judge