NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES GURCHENSKY, | |
| Plaintiff, | |
| v | CIVIL ACTION NO. 06-5760 (JLL) |
| JOHN E. POTTER, POST MASTER GENERAL, et al, | OPINION |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant John E. Potter's ("Potter") motions for summary judgment and to dismiss certain counts of the complaint and the United States Postal Service's ("the USPS") motion to dismiss. [CM/ECF # 41]  Potter moves for summary judgment with respect to Plaintiff James Gurchensky's claims brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 *et seq.* (D.E. 41). Potter also moves to dismiss Counts Two and Six of the complaint for lack of subject matter jurisdiction. Id. The USPS moves to dismiss all claims leveled against it for lack of subject matter jurisdiction. Id. No oral argument was held. Fed. R. Civ. P. 78.  For the reasons set forth in this Opinion, Defendants' motions are granted in their entirety.

**I.    FACTS**

The following material facts are not in dispute.   On January 10, 2005, the USPS issued a

1

Vacancy Announcement for the position of Manager, Field Maintenance Operations ("Field Maintenance Manager") in Edison, New Jersey. (Def.'s Responsive Statement at ¶ 1.) The position was assigned Postal Service grade level EAS-18. (Id.) Three of the four applicants, including Plaintiff, were offered in-person interviews. Plaintiff is a Caucasian male and, at the time of application, was 57 years of age and employed by the Postal Service as an Area Maintenance Technician which has a grade level PS-8. (Id. ¶ 2 & 3.)[1] Prior to applying for the Field Maintenance Manager position, Plaintiff had neither been permanently assigned to a supervisory position at the Post Office, nor had he ever held a manager-level position at the Postal Service. (Id. ¶ 8.) Plaintiff and three other people applied for the position. (Id. ¶ 2.)

Plaintiff did not prepare for his interview. (Id. ¶ 12.) Plaintiff was unable to answer questions relating to labor relations issues. (Id. ¶ 14.) None of the members of the Selection Review Committee made any comments to Plaintiff during the interview that implied or could be construed as age discrimination against Plaintiff. (Id. ¶ 15.) No references were made to Plaintiff's age during Plaintiff's interview. (Id. ¶ 16.)

After the interview stage, the Selection Committee recommended only Ellery Ramos for the position to Mr. Costello, the Selecting Official. (Id. ¶ 17.) Mr. Ramos was selected for the Field Maintenance Manager position on February 14, 2005. (Id. ¶ 18.) Mr. Ramos was 37 years old at the time. (Id. ¶ 19.) Prior to earning the position, Mr. Ramos had been serving as the *acting* Field Maintenance Manager since January 2005. (Id. ¶ 20.) Prior to that, Mr. Ramos had been a Supervisor, Maintenance Operations, for six and a half years. (Id. ¶ 21.)

---

[1] The Postal Service's Standard Position Description states that an Area Maintenance Technician "[i]nstalls, maintains, repairs, removes and disposes of postal equipment as appropriate at post offices not having maintenance capability . . . [and] installs, moves or repairs post office screen-line equipment, lock boxes, furniture, and mechanical equipment, supervising such additional help as projects may require." (Def.'s Statement of Facts at ¶ 4.)

2

Plaintiff admits that his non-selection for the Field Maintenance Manager position was not based on his race. Id. at ¶ 28.

## II. LEGAL STANDARD

### A. Summary Judgment

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Plaintiff's operative complaint states six claims for relief. Claim one asserts that Defendants violated the Age Discrimination in Employment Act ("ADEA"). Claim two alleges that Defendants breached an implied employment contract. Claim three alleges that Defendants

3

violated the New Jersey Law Against Discrimination ("NJLAD"). Claim four alleges that Defendants aided and abetted each other in discriminating against the Plaintiff. Claim five alleges violations of Title VII. Claim six alleges violation of 42 U.S.C. § 1981.

Potter moves for summary judgment with respect to claim one ("ADEA") and claim five ("Title VII"). Potter also moves to dismiss all other claims for lack of jurisdiction. The USPS moves to dismiss all claims for lack of subject matter jurisdiction.

### III. Motion for Summary Judgment as to Counts One (ADEA), Three (NJLAD), and Five (Title VII).

Plaintiff's operative Complaint claims that his non-selection was the result of discrimination based on age and race in violation of the ADEA, the NJLAD, and Title VII. However, in response to Defendant's motion, Plaintiff admits that his non-selection was not based on race. (See Pl.'s Resp. Fact Statement ¶ 28.) Consistent with this admission, Plaintiff's opposition papers are completely silent with regard to his Title VII claims. Therefore, the Court finds that Plaintiff has abandoned his race-based claims. Accordingly, said claims are DISMISSED and the Court will limit its analysis to Plaintiff's age-based claims.

The burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to plaintiff's claims under both the ADEA and the NJLAD. Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir.2004). Under the McDonnell Douglas framework, a plaintiff bears the initial burden of establishing a prima facie case of unlawful discrimination. McDonnell Douglas, 411 U.S. at 802. If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee's termination. Id. If the employer is able to articulate such a reason, the plaintiff must then show that the proffered reason was a pretext for a racially

discriminatory decision. Id. at 804-05.

Defendant concedes that Plaintiff has plead a prima facie ADEA claim and, for purposes of this motion, the Court finds that Defendant has sufficiently plead an NJLAD claim. Thus, the Court proceeds directly the second part of the McDonnell Douglas test. If a plaintiff establishes a prima facie case, then the burden shifts to the defendant to rebut the presumption of discrimination by offering evidence that the plaintiff was rejected, or someone else was preferred, for reasons that are legitimate and nondiscriminatory. Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). An employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a reason that was not discriminatory for the adverse employment decision. Fuentes v. Perskie, 32 F.3d 759, 763 (1994). It is not necessary for the defendant to persuade the court that it was actually motivated by the reason which it offers. Burdine, 450 U.S. at 254.

Defendant maintains that Plaintiff was not selected for the following reasons: (1) the Selection Review Committee and Mr. Costello, the Selecting Official, determined that Mr. Ramos' knowledge, skills, and supervisory experience were superior to Plaintiff's experience as an Area Maintenance Manager; and (2) Plaintiff performed poorly during the interviews. The Court has thoroughly reviewed the record evidence and finds that Defendant has met its burden of articulating legitimate reasons for not selecting Plaintiff for the position.

### a. Pretext

After the defendant has stated a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff may defeat a motion for summary judgment by satisfying at least one of the two prongs articulated in Fuentes:

> [T]he plaintiff must point to some evidence, direct or circumstantial, from which

> the fact-finder could reasonably either (1) disbelieve the employers articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

Fuentes, 32 F.3d at 764. A plaintiff must submit evidence from which a reasonable fact-finder could discredit the employer's articulated reason for the adverse employment action in order to overcome summary judgment and bring his case to trial. To discredit the employer's articulated reason, the plaintiff does not need to produce evidence that necessarily leads to the conclusion that the employer acted for discriminatory reasons, Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (1995), nor produce additional evidence beyond his prima facie case. Fuentes, 32 F.3d at 764. Rather a plaintiff must demonstrate such:

> weaknesses, implausibilities, inconsistencies, incoherencies [sic], or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them "unworthy of credence" and hence infer that the proffered nondiscriminatory reason "did not actually motivate" the employer's action.

Simpson v. Kay Jewelers, Inc., 142 F.3d 639, 644 (internal citations omitted). Each prong of the Fuentes test will be addressed.[2]

### i. First Prong

Here, the court is not concerned with whether the employer made the best business decision, rather the court's focus is on whether the real reason for the adverse result suffered by the plaintiff is discrimination. Keller v. Orix Credit Alliance, 130 F.3d 1101, 1109 (3d Cir. 1997). The court shall not analyze the subjective business decisions of the employer, nor set its own employment standards for the employer, unless there is evidence of discrimination. Ezold v Wolf, Block, Schorr, and Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992). "Furthermore, the court

---

[2] "[U]nder New Jersey law, as under federal law, plaintiffs have always retained the ultimate burden of demonstrating that the actions they challenged were due to discrimination." McKenna v. Pac. Rail Serv., 32 F.3d 820, 828 (3d Cir.1994) (citations omitted). Thus, in order to survive a motion to summary judgment under either the ADEA or the NJLAD the Plaintiff must adduce evidence that the reason for the non-selection was based on discrimination.

should not examine the issue of whether the employee has skills in an area other than that identified by the employer as the basis for [the decision], because the court would then be impermissibly substituting its own business judgment for that of the employer." Moorer v. Verizon Commc'ns, No. 03-1265, 2005 WL 2807140, at *9 (W.D. Pa. Oct.27, 2005), aff'd, 211 F. App'x 98 (3d Cir.2006).

Here, Plaintiff fails to identify any "weaknesses, implausibilities, inconsistencies, incoherencies [sic], or contradictions in the [Defendants's] proffered legitimate reasons." Simpson, 142 F.3d at 644. The Court has reviewed the record evidence and it is clear that the Defendant has consistently articulated its reasoning for non-selection, namely that Mr. Ramos was more qualified for the position than Plaintiff. More specifically, over and over again Defendant points to Plaintiff's lack of supervisory experience vis-à-vis Mr. Ramos,[3] Plaintiff's lack of labor relations experience,[4] and Plaintiff's poor interview performance.[5] Nowhere in his opposition papers, does Plaintiff direct the Court to a fact that suggests that the "real reason for the adverse result suffered by the plaintiff is discrimination." Keller, 130 F.3d at 1109. Instead, Plaintiff asks this Court to "impermissibly substitute[ ] its own business judgment for that of the [Defendant]." Moorer v. Verizon Commc'ns, No. 03-1265, 2005 WL 2807140, at *9 (W.D.Pa. Oct.27, 2005), aff'd, 211 F. App'x 98 (3d Cir.2006).

In sum, this is not a case where "the stated reason for [non-selection] is so implausible that a fact-finder could not believe it to [be] worthy of credence." Orenge v. Veneman, No. 04-297,

---

[3] See Costello Decl. at ¶ 7 ("[Plaintiff] was seeking a managerial position without ever being supervisor."); See also Ramos Decl. at ¶ 3 (Prior to the application date, Mr. Ramos had six and half years of supervisory experience.); and see also Cruz Decl. at ¶ 5 (Stating same.)

[4] See Cruz Decl. at ¶ 5 (Plaintiff "was not well versed in dealing with employee problems.")

[5] See Cooke Decl. at ¶ 8 (Plaintiff "did not perform well during his interview."); See also Solimine Decl. at ¶ 5 (Plaintiff "struggled with many of the question he was asked during the interview"); and see also Cruz Decl. at ¶ 5(Plaintiff "lacked people skills.")

7

2006 WL 2711651, at *15 (W.D.Pa. Sept. 20, 2006). For this reason, Plaintiff cannot defeat summary judgment based on the first prong of the Fuentes test.

### ii. Second Prong

Plaintiff may also show pretext by offering sufficient evidence to show that discrimination was more likely than not a cause for the employer's adverse actions by directing the Court to evidence with sufficient probative force that would allow a fact-finder to conclude by a preponderance of the evidence that the protected characteristic – here, age – was a motivating or determinative factor in the employment decision. Simpson, 142 F.3d at 644-45. Here, the Court may rely on the following: (1) whether the employer has previously discriminated against the plaintiff, (2) whether the employer has discriminated against other people within the plaintiff's protected class or within another protected class, or (3) whether the employer has treated more favorably similarly situated persons not within the protected class. Id. at 645.

#### *1. Previous discrimination against plaintiff.*

Plaintiff baldly states that "he has been passed over for promotion three times in favor of a minority candidate throughout his career at the postal service." (Pl. Opp'n. Br. at 10). First, this assertion seems to be targeted at race-based discrimination, rather than age-based discrimination. The Court has already determined that Plaintiff has abandoned his race-based claims. Second, even assuming arguendo that Plaintiff believes that these instances where he was allegedly "passed over" were age-related, Plaintiff provides neither facts regarding the qualifications of the applicants who were selected, nor any details about the selection processes used in those instances. Because these beliefs are unsubstantiated and lacking evidentiary support, they are not sufficient in themselves to create an inference of pretext to rebut defendant's business reason for not selecting Plaintiff. Dowling v. Citizens Bank, No. 05-CV-914, 2007 WL 2752178, at *9 (W.D. Pa.

Sept.19, 2007) ("largely unsubstantiated suspicions of ageism cannot sustain [plaintiff's] burden on summary judgment."); see Chappell v. GTE Prods. Corp., 803 F.2d 261, 268 (6th Cir.1986) ("Mere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination."). The court finds that Plaintiff failed to provide sufficient evidence to refute Defendant's articulated reasons for not promoting him under the second prong of the Fuentes test based on previous discrimination against the Plaintiff.

### 2. Discrimination by employer against others in plaintiff's protected class.

Plaintiff did not provide evidence of discrimination by Defendant against others in plaintiff's protected class. Therefore, Plaintiff cannot defeat summary judgment under the second prong of the Fuentes test based on this theory.

### 3. Employer treating more favorably similarly situated persons not within the protected class.

Plaintiff did not provide evidence that Defendant has treated more favorably similarly situated persons not within the protected class. Therefore, Plaintiff cannot defeat summary judgment under the second prong of the Fuentes test based on this theory.

In short, Plaintiff has not produced evidence sufficient to allow a reasonable jury to conclude that his non-selection was the product of age-based discrimination in violation of ADEA or the NJLAD. Accordingly, Defendant's motion with respect to Plaintiff's ADEA claim (Claim One) and NJLAD claims (Claims Three and Four) is **granted** and said claims are **dismissed** with prejudice.

**IV. Motion to Dismiss Counts Two and Six & to Dismiss all claims against the USPS.**

**A. Count Two – Breach of Implied Employment Contract.**

9

Defendant moves to dismiss Plaintiff's second count for lack of subject matter jurisdiction. Plaintiff does not oppose the motion. Plaintiff's second count is based on Defendant's written policy against age and racial discrimination. Said claim arises out the same facts that form the foundation for his discrimination claims under Title VII (which Plaintiff abandoned) and the ADEA and, as such, it is preempted by federal law.

Title VII provides the exclusive remedy for federal employees alleging discrimination in the workplace. Brown v. General Serv. Admin, 425 U.S. 820, 832-35 (1976). Similarly, the ADEA provides the exclusive remedy for federal employees to litigate age discrimination claims. See Purtill v. Harris, 658 F.2d 134, 137 (3d Cir.1981) (holding "that Congress intended section 15 of the ADEA to preempt Bivens remedies arising out of age discrimination claims by federal employees"). Thus, when a federal employee brings an action alleging violations of both federal antidiscrimination statutes and state law based on the same set of facts, courts have found that the state law claims are preempted. See, e.g., Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir.1998) (allowing plaintiffs to proceed on state law claims would "evade the holding of Brown that Title VII provides the sole remedy for federal employees alleging employment discrimination"); Blitzer v. Potter, 2005 WL 1107064, at *18 (S.D.N.Y. May 6, 2005) (dismissing plaintiff's breach of contract claim against the USPS because "[i]t is largely duplicative of his Title VII claim and is thus preempted").

Here, Plaintiff's common law breach of contract claim arises out of the same set of facts as his Federal anti-discrimination claims, namely that he had the right to be free from discrimination based on age and race. As such, his contract claim is duplicative of his ADEA and Title VII claims and is thus preempted. Therefore, Defendant's motion to dismiss count two is granted.

**B. Count Six – Violation of 42 U.S.C. § 1981 et. Seq.**

Defendant moves to dismiss Plaintiff's sixth count for lack of subject matter jurisdiction. Plaintiff does not oppose the motion. The Court finds that it has no jurisdiction over a federal employee's discrimination claim under 42 U.S.C. § 1981 because Title VII provides the exclusive remedy for claims of discrimination in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976) (Title VII "provides the exclusive remedy for claims of discrimination in federal employment"); See also Harrison v. Potter, 323 F.Supp.2d 593, 604 (S.D.N.Y.2004) (holding that plaintiff's claim brought pursuant to 42 U.S.C. § 1981 against the USPS is barred by the United States' sovereign immunity). Moreover, Plaintiff's sixth count is based exclusively on racial discrimination. As the Court previously noted, Plaintiff abandoned all race-based claims when admitting that his non-selection was not based on race. (See Pl.'s Resp. Statement of Fact at ¶ 28; see also Gurchensky Dep. at 88:17-89:17).

### C. Claims Against the United States Postal Service

In opposition to Defendant's motion to dismiss the USPS as a named defendant, Plaintiff states that "it was not the intention of plaintiff to name the United States Postal service as a separate defendant." (Def. Opp'n. Br. at 1). Additionally, Plaintiff did not provide opposition to Defendant's argument on this issue. The Court construes the admission and the absence of any opposition as Plaintiff's abandonment of claims against the USPS. Accordingly, Defendant's motion to dismiss the USPS as a party to this action is granted.

### V. CONCLUSION

For the foregoing reasons, Defendants' motions are granted in their entirety. An appropriate order accompanies this opinion.

11

DATED: May 28, 2010               /s/ Jose L. Linares
                                               UNITED STATES DISTRICT JUDGE